IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BERNARD,** : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-691 |
| **UNITED STATES OF AMERICA,** : | |
| Respondent, : | |
| : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                                                                      **July 9, 2007**

      Presently before the Court is Petitioner's Habeas Corpus Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Cr. 04-580-01 Doc. 379). For the reasons set forth below, upon consideration of Petitioner's arguments, the government's response (Doc. 387), and the entire record, Petitioner's Habeas Motion is **DENIED**.

## BACKGROUND

      On October 13, 2004, David Bernard the Petitioner was charged with conspiracy to commit bank fraud under 18 U.S.C. § 371 and two counts of bank fraud under 18 U.S.C. § 1344. See Indictment. An additional count of bank fraud under § 1344 was later added in the superseding indictment of January 25, 2005. See Superseding Indictment. On May 4, 2005, the Petitioner pleaded guilty, without a written agreement between parties, to all charges made against him. See Tr. of Guilty Plea Hr'g. On September 26, 2005, this court held a sentencing hearing and found the Petitioner was the leader or organizer of the illegal activity, which lead to over $400,000 of loss. See Sentencing Hr'g Transcript. Petitioner was sentenced on November 2, 2005 to sixty-three (63) months of imprisonment, three (3) years of supervised release, restitution damages of $601, 231.81, and a special assessment of $400 in accordance with the pre-sentence investigation report. See

Order and Presentence Investigation Report.  On January 23, 2007, the Petitioner appealed his sentence asserting two claims.  First, he claimed this court erred in the calculation of loss.  Second, he claimed his sentence was unreasonable.  The Third Circuit of Appeals affirmed the loss calculations and found the Petitioner's sentence to be reasonable.  On February 21, 2007, the Petitioner, claiming federal jurisdiction was improper, filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

A prisoner in custody under sentence of the court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Relief for a habeas corpus petition under 28 U.S.C. § 2255 is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.  Id.  Accordingly, a district court may dismiss a motion brought under §2255 without a hearing where the record shows conclusively that the movant is not entitled to relief.  U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).

## DISCUSSION

Although it is not clearly stated in the petition, the Petitioner asserts that this Court lacked subject matter jurisdiction over his criminal case.  The Petitioner argues that the government did not prove PNC Bank and Citizens Bank were financial institutions insured by Federal Deposit Insurance Corporation ("FDIC") as required under 18 U.S.C. § 1344.  Therefore, Petitioner contends, federal jurisdiction was improper.

When a Petitioner is properly counseled and enters a plea of guilty admitting to all of the

Order and Presentence Investigation Report.  On January 23, 2007, the Petitioner appealed his sentence asserting two claims.  First, he claimed this court erred in the calculation of loss.  Second, he claimed his sentence was unreasonable.  The Third Circuit of Appeals affirmed the loss calculations and found the Petitioner's sentence to be reasonable.  On February 21, 2007, the Petitioner, claiming federal jurisdiction was improper, filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

A prisoner in custody under sentence of the court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Relief for a habeas corpus petition under 28 U.S.C. § 2255 is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.  Id.  Accordingly, a district court may dismiss a motion brought under §2255 without a hearing where the record shows conclusively that the movant is not entitled to relief.  U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).

## DISCUSSION

Although it is not clearly stated in the petition, the Petitioner asserts that this Court lacked subject matter jurisdiction over his criminal case.  The Petitioner argues that the government did not prove PNC Bank and Citizens Bank were financial institutions insured by Federal Deposit Insurance Corporation ("FDIC") as required under 18 U.S.C. § 1344.  Therefore, Petitioner contends, federal jurisdiction was improper.

When a Petitioner is properly counseled and enters a plea of guilty admitting to all of the

elements of a formal criminal charge, he waives a number of constitutional rights, such as the right to require the prosecutor to prove the crime beyond a reasonable doubt. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding when a "Petitioner has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). As this Court made clear during the guilty plea hearing, the government had an obligation to summarize the facts they would prove at trial. See Sentencing Hr'g Transcript. On May 4, 2005, the Petitioner entered pleas of guilty to all four counts of his indictment. Id. During the guilty plea hearing, the Court thoroughly explained the guilty plea process and requirements to Petitioner. Id. Furthermore, this Court reviewed the charges made against the Petitioner and evaluated his understanding of the consequences that would follow a guilty plea. Id. Petitioner indicated several times throughout the plea hearing that he understood what he was undertaking. Id. Moreover, the government summarized evidence they would have provided at trial. Id.

As it pertains to the jurisdictional matter, the Ninth Circuit holding in U.S. v. Mathews eloquently states:

> A guilty plea conclusively proves the factual allegations contained in the indictment, but does not confer jurisdiction. Jurisdiction arises by operation of law when certain facts alleged in the indictment are proved, whether by guilty plea, by judgment, or by jury verdict. The Petitioner, by pleading guilty, establishes the factual basis for jurisdiction, but not jurisdiction itself. Jurisdiction comes from the statute.

U.S. v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987); see also U.S. v. Davis, 452 F.2d 577 (9th Cir. 1971)(holding government did not have to prove FDIC insurance because a guilty plea admits all averments of fact in the indictment).

Although the Third Circuit has not published a holding with this precise language, a footnote

in McNeal acknowledges that a guilty plea conclusively establishes the factual predicates of federal jurisdiction, thereby relieving the government of the burden of proof in that regard. McNeal v. U.S., No. 99-3229, 1999 U.S. Dist. LEXIS 18094, at *9 n.2 (E.D. Pa. Nov. 23, 1999).

Here the indictment alleged the Petitioner committed bank fraud in violation of 18 U.S.C. § 1344.  To violate § 1344 an individual must: (1) act knowingly and with a specific intent; (2) for the purpose of obtaining or attempting to obtain money under false pretenses from a financial institution; and (3) that is FDIC insured.  18 U.S.C. § 1344.  It is the third element that confers federal jurisdiction.  The government summarized evidence they would show at trial, fulfilling each element. See Sentencing Hr'g Transcript.  Specifically, the government asserted that employees of the bank would testify that the bank accounts were FDIC insured.  Id.  Mr. Bernard plead guilty to violating 18 U.S.C. § 1344 after hearing not only an explanation of charge, but the government's evidence against him.  Id.  The Petitioner admitted to all facts within the indictment including that the banks were FDIC insured.  Furthermore, he does not assert today that he did so involuntarily or without knowledge.  His admission of the factual allegations asserted in his indictment became the factual predicate for this Court's federal jurisdiction. Therefore, the Petitioner's guilty plea absolved the government of providing any further evidence as to the FDIC status of the banks and the appropriateness of jurisdiction.

## CONCLUSION

After careful review of the record, the Court concludes that Petitioner's Habeas Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied.  An appropriate Order follows.